IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00014-M

| | |
|---|---|
| LINDA EDITH PENSHIAKU,<br>       Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION *also known as* WELLS FARGO BANK, N.A., *formerly known as* WELLS FARGO DEALER SERVICES, INC., EXPERIAN INFORMATION SOLUTIONS, INC. *also known as* EXPERIAN SERVICES CORP., EQUIFAX INC. *also known as* EQUIFAX INFORMATION SERVICES, LLC, and TRANSUNION, LLC,<br>       Defendants. | **ORDER** |

This matter is before the court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Plaintiff's Amended Complaint [DE-39] and Plaintiff's Motion for Leave to File a Surreply [DE-48].

I. Factual and Procedural Background

This suit is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Am. Compl. ¶ 1, DE-10. It was prompted by the alleged inaccurate reporting by Wells Fargo of (1) Plaintiff's bankruptcy filing as being in 2016 (as opposed to 2009) and (2) a new account reflecting an outstanding debt associated with a 2006 car purchase (which Plaintiff was released of as part of the 2009 bankruptcy). *Id.* ¶¶ 13, 20. These inaccuracies allegedly negatively impacted Plaintiff's credit score in the spring of 2018 and hampered her ability to get a favorable loan from another financial institution that same year. *Id.* ¶¶ 19, 28, 34, 44. While the inaccuracies were eventually corrected and her credit score repaired, Plaintiff allegedly suffered damages,

including damage to her credit rating, lost opportunities to enter into consumer credit transactions, denial of credit, emotional distress, aggravation, inconvenience, embarrassment, and frustration. *Id.* ¶ 47.

Plaintiff filed suit on January 14, 2020 [DE-1] and amended her complaint once as a matter of course on January 30, 2020 [DE-10] against four primary defendants: three credit reporting agencies and one national bank. Each of the three credit reporting agencies timely answered the complaint. *See* Experian Answer to Am. Compl., DE-17; Transunion Answer to Am. Compl., DE-19; Equifax Inc. Answer to Am. Compl., DE-41; Equifax Info. Servs. Answer to Am. Compl., DE-42.

On March 25, 2020, Wells Fargo filed a motion to dismiss [DE-39] and memorandum in support [DE-40]. Plaintiff responded in opposition on April 15, 2020 [DE-44]. Wells Fargo filed a reply in support on April 29, 2020 [DE-45].

On May 8, 2020, Plaintiff sought leave to file a surreply to address arguments, characterized by her as new, raised by Wells Fargo in its reply brief and to present documentation that Plaintiff alleges defeats one new argument. DE-48 ¶¶ 3-4, 6. Wells Fargo did not consent to the filing of this motion, as represented by Plaintiff [DE-49]. For that reason, via text order dated May 13, 2020, this court provided Wells Fargo through May 22, 2020, to respond. Wells Fargo timely responded in opposition [DE-52]. No further reply by Plaintiff was permitted. *See* May 13, 2020 Text Order.

II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. Fed. R. Civ. P. 12(b)(6); *see Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

In doing so, the court must accept all well-pled allegations in a complaint as true and must construe all factual allegations in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, a court need not accept a complaint's legal conclusions, elements of a cause of action, and conclusory statements. *Iqbal*, 556 U.S. at 678; *see also Giarratano*, 521 F.3d at 302. Nor must a court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Iqbal*, 556 U.S. at 678. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678.

III. Analysis

A. Plaintiff's 15 U.S.C. § 1681e(b) Claim Against Wells Fargo

Under the FCRA, "[w]henever a *consumer reporting agency* prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added). A consumer reporting agency is defined as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of

3

> interstate commerce for the purpose of preparing or furnishing consumer reports.

§ 1681a(f). By contrast, though not formally defined in the FCRA, a "furnisher of information" in the credit reporting context is "generally understood to include various types of creditors, such as banks and other lenders, that provide credit information about their customers to other entities that issue consumer reports about the customers' credit worthiness." *Ross v. Washington Mut. Bank*, 566 F. Supp. 2d 468, 475 n.1 (E.D.N.C. 2008), *aff'd sub nom. Ross v. F.D.I.C.*, 625 F.3d 808 (4th Cir. 2010). Furthermore, the Seventh Circuit has twice rejected the argument that a bank constitutes a consumer reporting agency under the FCRA. *See Mirfasihi v. Fleet Mortg. Corp.*, 551 F.3d 682, 686 (7th Cir. 2008) ("Fleet does not regularly engage in such practices [issuing consumer reports]; it is not a consumer reporting agency—it is a bank."); *Frederick v. Marquette Nat'l Bank*, 911 F.2d 1, 2 (7th Cir. 1990) ("The statute is not even potentially applicable to Marquette. So far as pertains to this case, the statute imposes civil liability only for the dissemination of consumer credit reports by consumer reporting agencies, which Marquette National Bank is not.") (internal citation omitted).

In her Amended Complaint Plaintiff alleges that "Wells Fargo violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff." DE-10 ¶ 46. In its motion to dismiss, Wells Fargo argues that the relied upon section of the FCRA is inapplicable to Wells Fargo as a matter of law because Wells Fargo is a furnisher of information rather than a credit reporting agency. DE-40 at 5-9. As such, Wells Fargo was not responsible for preparing or publishing credits reports and files pertaining to Plaintiff. In her response in opposition, Plaintiff appears to concede this fact and makes an alternative argument that she has a private right of action against Wells Fargo, as a furnisher of

4

information to a CRA, pursuant to a different section of the FCRA, Section 1681s-2(b), an allegation that does not appear in her amended complaint. *See* DE-44 at 6-12. The parties agree that as written the complaint fails to state a claim against Wells Fargo, and for the reasons discussed above, the court agrees and will grant Wells Fargo's motion to dismiss without prejudice.

B. Attorney's Fees

The FCRA allows attorney's fees to be awarded to the prevailing party upon the filing of a pleading, motion or other paper in bad faith, or for the purposes of harassment. *See* 15 U.S.C. §§ 1681n(c), 1681o(b). "This contention requires the Court to find that Plaintiff 'filed an action that was frivolous, unreasonable, or without foundation.'" *Thomas v. Santander Consumer USA*, No. 1:11CV605, 2012 WL 263479, at *3 (M.D.N.C. Jan. 30, 2012) (quoting *Smith v. HM Wallace, Inc.*, No. 08–22372–CIV, 2009 WL 3179539, at *2 (S.D. Fla. Oct. 1, 2009) and *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08–MD–01998, 2010 WL 5147222, at *5 (W.D. Ky. Dec. 13, 2010)). "Bad faith is 'not simply bad judgment or negligence, but implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'" *Shah v. Collecto, Inc.*, No. Civ.A.2004–4059, 2005 WL 2216242, at *14 (D. Md. Sept. 12, 2005) (quoting Black's Law Dictionary 139 (6th ed. 1990)). The burden of proof rests with the moving party. *Thomas*, 2012 WL 263479 at *3.

Importantly, this determination must focus on plaintiff's mental state *at the time of filing*. *Letren v. Trans Union, LLC*, No. PX 15-3361, 2017 WL 4098743, at *1 n.1 (D. Md. Sept. 15, 2017), *aff'd*, 770 F. App'x 95 (4th Cir. 2019); *see also Thomas*, 2012 WL 263479 at *3 (same).

5

> "The statute requires a showing that a document was *filed* in bad faith." *Ryan v. Trans Union Corp.*, No. 99–216, 2001 WL 185182, at *6 (N.D. Ill. Feb. 26, 2001); *see also Bagumyan v. Valero Energy Corp.*, No. 07–312ABC, 2007 WL 1500849, at *2 (C.D. Cal. Apr. 25, 2007) (allegation that plaintiff engaged in bad faith by *maintaining* action after being provided with exculpatory information was insufficient to state a claim for attorney's fees under 15 U.S.C. § 1681n(c), which applies only to papers "*filed* in bad faith or for purposes of harassment"); *cf. Lewis v. Trans Union LLC*, No. 04–6550, 2006 WL 2861059, at *4 (N.D. Ill. Sept. 29, 2006) (awarding attorney's fees pursuant to § 1681n(c) where plaintiff "knew of the falsity and baselessness of allegations in the complaint when it was filed"); *Mayle v. Equifax Info. Servs., Inc.*, No. 03–8746, 2006 WL 398076, at *2 (N.D. Ill. Feb. 14, 2006) (defendants were entitled to attorney's fees under § 1681n(c) where plaintiff and her attorneys had documentation showing that plaintiff's FCRA action was frivolous prior to the filing of the action). It is not enough to show that the "pleading, motion, or other paper" in question "later turned out to be baseless." *Ryan*, 2001 WL 185182, at *6.

*Rogers v. Johnson-Norman*, 514 F. Supp. 2d 50, 52 (D.D.C. 2007).

Here, Wells Fargo alleges that Plaintiff's counsel knew or should have known, through basic research, that the facts articulated in her complaint and amended complaint would not support a claim against Wells Fargo. For this, Wells Fargo argues it should be awarded attorney's fees pursuant to Section 1681n(c). This is not enough to meet Wells Fargo's burden of demonstrating that plaintiff acted in bad faith or engaged in harassment at the time of filing her complaint or amended complaint rather than simple bad judgment or negligence. Furthermore, post-filing communications between the attorneys for Wells Fargo and Plaintiff at most demonstrate that Plaintiff potentially engaged in bad faith by maintaining her claim against Wells Fargo after being provided with an outline of its shortcomings and deficiencies, but this is insufficient to state a claim for attorney's fees under 15 U.S.C. § 1681n(c). *Bagumyan*, 2007 WL 1500849 at *2 ("Maintaining a suit does not equate to 'filing' a suit in bad faith."). The court will deny Wells Fargo's request for attorney's fees.

6

IV.     Plaintiff's Motion for Leave to File a Surreply [DE-48]

Plaintiff seeks leave of the court to file a surreply to address what she characterizes as new arguments raised for the first time by Wells Fargo in its reply brief and to present documentation that Plaintiff alleges defeats one such argument, namely that allowing further amendment to the complaint would be futile. DE-48 ¶¶ 3-4, 6. In its response in opposition, Wells Fargo maintains that it did not raise any new arguments in its reply brief. DE-52 at 2-3. Replies and surreplies to non-discovery motions are discouraged in this court. *See* Local Civil Rule 7.1(g)(1) ("Replies to responses are discouraged."). Furthermore, the court is not at this time considering the futility of further amendment to the complaint. Therefore, Plaintiff's motion will be denied.

V.      Conclusion

For the reasons discussed above Wells Fargo's Motion to Dismiss [DE-39] is GRANTED IN PART AND DENIED IN PART. Plaintiff's claim against Wells Fargo is dismissed without prejudice and Wells Fargo's request for attorney's fees is denied. Furthermore, Plaintiff's Motion for Leave to File a Surreply [DE-48] is DENIED.

SO ORDERED this the 29th day of May, 2020.

_Richard E Myers II_
RICHARD E. MYERS II
U.S. DISTRICT COURT JUDGE