IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00014-M

| | |
|---|---|
| LINDA EDITH PENSHIAKU,<br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION *also known as* WELLS FARGO BANK, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and TRANSUNION, LLC,<br>        Defendants. | **STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff Linda Edith Penshiaku ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian"), Wells Fargo Bank, National Association, Equifax Information Services, LLC, and TransUnion, LLC through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the Defendant(s), and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this court protecting such confidential information shall be and hereby is made by this court on the following terms:

    1.  This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. Before filing any information that has been designated "Confidential," or "Confidential—Attorneys' Eyes Only" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2 and Section V.G. of the CM/ECF Policy Manual EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the court, however. Within seven days of service of such notice, the party desiring that the materials be maintained under seal shall file with the court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information, pursuant to Section V.G.1(a) of the CM/ECF Policy Manual. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for

interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the court.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact

3
Case 5:20-cv-00014-M   Document 73   Filed 10/29/20   Page 3 of 10

witnesses subject to a proffer to the court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure), and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.  Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8.  Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order,

agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential— Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

15. The court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

WE SO STIPULATE:

*/s/ Angela Newell Gray*
Angela Newell Gray
GRAY NEWELL THOMAS, LLP
North Carolina State Bar No. 21006
7 Corporate Center Court, Suite B
Greensboro, NC 27408
Telephone: (336)285-8151
Telefacsimile: (336_458-9359
angela@graynewell.com

*Counsel for Plaintiff*

*/s/ Emily A. Robey-Phillips*
Emily A. Robey-Phillips
JONES DAY
MA State Bar No. 698744
100 High Street, 21st Floor
Boston MA 02110

Telephone: (617)449-3939
Telefacsimile: (617)449-6999
erobeyphillips@jonesday.com

*Counsel for Experian Information Solutions, Inc.*

Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS LLP
NC State Bar No. 17394
PO Box 176010
Raleigh NC 27619-6010
Telephone: (919)250-2000
Telefacsimile: (919)250-2124
cenloe@smithdebnamlawcom

*LR 83.1(d) Counsel for Experian Information Solutions, Inc.*


*/s/ Melanie A. Prince-Lloyd*

Melanie A. Prince-Loyd
SEYFARTH SHAW LLP
NC State Bar No. 51961
121 W. Trade St., Suite 2020
Charlotte, NC 28202
Telephone: (704)925-6029
Telefacsimile: (704)559-2446
mprince-loyd@seyfarth.com

*Counsel for Defendant Equifax, Information Services LLC*

*/s/ Keaton C. Stoneking*
Keaton C. Stoneking
TROUTMAN PEPPER HAMILTON
SANDERS LLP
NC State Bar No. 53627
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704)998-4088
keaton.stoneking@troutman.com
*Coujnsel for Defendant Wells Fargo Bank, NA*

/s/ James P. Acosta
James P. Acosta
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
TX Bar No. 24001622
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214)560-5440
Telefacsimile: (214)871-2111
jacosta@qslwm.com

*Counsel for Defendant TransUnion LLC*


Robert deRosset
YOUNG MOORE AND HENDERSON, P.A.
NC State Bar No. 27656
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27622
Telephone: (919)861-5099
Telefacsimile: (919)782-6753
Bob.deRosset@youngmoorelaw.com

*LR 83.1(d) Counsel for Trans Union LLC*


SO ORDERED this the 29th day of October, 2020.

_____
RICHARD E. MYERS II
U.S. DISTRICT COURT JUDGE

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this court for the purposes of enforcing the Stipulated Protective Order in this action.

1

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_, at _____.

_____
QUALIFIED PERSON